Justice Breyer,
with whom Justice Souter and Justice Ginsburg join, dissenting.
I agree with Justice Stevens that mixed-motive instructions are appropriate in the Age Discrimination in Employment Act of 1967 context. And I join his opinion. The Court rejects this conclusion on the ground that the words “because of” require a plaintiff to prove that age was the “but-for” cause of his employer’s adverse employment action. Ante, at 176-177. But the majority does not explain why this is so. The words “because of” do not inherently require a showing of “but-for” causation, and I see no reason to read them to require such a showing.
It is one thing to require a typical tort plaintiff to show “but-for” causation. In that context, reasonably objective scientific or commonsense theories of physical causation make the concept of “but-for” causation comparatively easy to understand and relatively easy to apply. But it is an entirely different matter to determine a “but-for” relation when we consider, not physical forces, but the mind-related characterizations that constitute motive. Sometimes we speak of determining or discovering motives, but more often we ascribe motives, after an event, to an individual in light *191 of the individual’s thoughts and other circumstances present at the time of decision. In a ease where we characterize an employer’s actions as having been taken out of multiple motives, say, both because the employee was old and because he wore loud clothing, to apply “but-for” causation is to engage in a hypothetical inquiry about what would have happened if the employer’s thoughts and other circumstances had been different. The answer to this hypothetical inquiry will often be far from obvious, and, since the employee likely knows less than does the employer about what the employer was thinking at the time, the employer will often be in a stronger position than the employee to provide the answer.
All that a plaintiff can know for certain in such a context is that the forbidden motive did play a role in the employer’s decision. And the fact that a jury has found that age did play a role in the decision justifies the use of the word “because,” i. e., the employer dismissed the employee because of his age (and other things). See Price Waterhouse v. Hopkins, 490 U. S. 228, 239-242 (1989) (plurality opinion). I therefore would see nothing wrong in concluding that the plaintiff has established a violation of the statute.
But the law need not automatically assess liability in these circumstances. In Price Waterhouse, the plurality recognized an affirmative defense where the defendant could show that the employee would have been dismissed regardless. The law permits the employer this defense, not because the forbidden motive, age, had no role in the actual decision, but because the employer can show that he would have dismissed the employee anyway in the hypothetical circumstance in which his age-related motive was absent. And it makes sense that this would be an affirmative defense, rather than part of the showing of a violation, precisely because the defendant is in a better position than the plaintiff to establish how he would have acted in this hypothetical situation. See id., at 242; cf. ante, at 185 (Stevens, J., dissenting) (describing *192 the Title VII framework). I can see nothing unfair or impractical about allocating the burdens of proof in this way.
The instruction that the District Court gave seems appropriate and lawful. It says, in pertinent part:
“Your verdict must be for plaintiff if all the following elements have been proved by the preponderance of the evidence:
“[The] plaintiff’s age was a motivating factor in defendant’s decision to demote plaintiff.
“However, your verdict must be for defendant ... if it has been proved by the preponderance of the evidence that defendant would have demoted plaintiff regardless of his age.
“As used in these instructions, plaintiff’s age was ‘a motivating factor,’ if plaintiff’s age played a part or a role in the defendant’s decision to demote plaintiff. However, plaintiff’s age need not have been the only reason for defendant’s decision to demote plaintiff.” App. 9-10.
For these reasons as well as for those set forth by JUSTICE Stevens, I respectfully dissent.